IN THE IOWA DISTRICT COURT FOR DUBUQUE COUNTY

| | |
|---|---|
| YOGESHWAR INC., d/b/a American Inn, an Iowa corporation, | ) ) ) ) Case No. |
| Petitioner, | ) ) |
| vs. | ) PETITION FOR DECLARATORY ) RELIEF, PETITION AT LAW ) AND JURY DEMAND |
| SOCIETY INSURANCE and WEST BEND MUTUAL INSURANCE COMPANY, | ) ) ) |
| Defendants. | ) |

NOW COMES the Petitioner, YOGESHWAR INC., d/b/a American Inn, an Iowa corporation ("Yogeshwar"), by and through its attorneys, CALIFF & HARPER, P.C., and for its Petition for Declaratory Relief, Petition at Law and Jury Demand ("Petition"), states as follows:

## THE PARTIES

1. Yogeshwar is an Iowa corporation with its principal place of buisness located in Peosta, Iowa.

2. During all relevant times, Yogeshwar owned an interest in the real estate and improvements commonly known as 100 Peosta Street, Peosta, Iowa 52068, Parcel No. 1409451009 ("Subject Property").

3. The Defendant, SOCIETY INSURANCE ("Society"), during all material times was and is an insurance with its principal place of business located in Fond du Lac, Wisconsin.

4. The Defendant, WEST BEND MUTUAL INSURANCE COMPANY ("West Bend"), during all material times was and is an insurance with its principal place of business located in West Bend, Wisconsin

## JURISDICTION AND VENUE

5.  This is a suit for a declaratory relief and supplemental relief, pursuant to Iowa R. Civ. P. 1.1101, 1.1102 and 1.1106.

6.  Venue is proper in this District, pursuant to Iowa Code § 616.10 because Dubuque County, Iowa is the county in which the losses to the insured, Yogeshwar, occurred.

## COUNT I
## DECLARATORY RELIEF AGAINST SOCIETY INSURANCE

1-6.  As paragraphs 1-6 of this Count I, Yogeshwar repeats and realleges paragraphs 1-6 of this Petition, as though fully set forth herein.

7.  Society issued a written policy of insurance to Yogeshwar for the Subject Property, effective July 25, 2020 through July 25, 2021, which policy was assigned Policy No. BP19026179-1 ("Society Policy").

8.  By its express terms and conditions, the Society Policy provides coverage for direct physical losses to the Subject Property caused by, among other things, windstorm and hail.

9.  By securing such Society Policy from Society, it was the intent of Yogeshwar to purchase the peace of mind that, should the Subject Property be damaged or destroyed by any of the insured events described in the Society Policy, including windstorm or hail, Yogeshwar would be made whole by the insurer, Society.

10.  The Policy contains an appraisal clause, which states:

> 2.  **Appraisal**
>
> If we and you disagree on the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the amount of loss. If they fail to agree,

> they will submit their differences to the umpire. A decision agreed to by any two will be binding.
>
> Each party will:
>
> a. Pay its chosen appraiser, and
>
> b. Bear the other expenses of the appraisal and umpire equally.
>
> If there is an appraisal, we will still retain our right to deny the claim.

(Society Policy, Form TBP2 (05-15) at 22).

11. On August 10, 2020, as reported and confirmed by the National Weather Service Storm Prediction Center, a powerful line of severe thunderstorms known as a "Derecho" tracked across eastern Iowa and northwest Illinois resulting in widespread straight line wind damage.

12. The Subject Property was directly damaged by the August 10, 2020 Derecho, which damaged, among other things, the Subject Property's roof and siding.

13. Upon discovery of the storm damage, Yogeshwar provided prompt notice to Society of its loss, which Society assigned Claim No. P4069178 ("Society Claim").

14. Over a year after the August 10, 2020 storm damage, Society issued letters to Yogeshwar denying the Society Claim in whole asserting the Subject Property did not sustain any storm damage from the August 10, 2020 Derecho.

15. Thereafter, the parties engaged in the appraisal process required by the Society Policy.

16. Society appointed Paul Strombeck as its purportedly competent and impartial appraiser.

17. Yogeshwar appointed Brad Roberts as its competent and impartial appraiser.

18. Mr. Strombeck proffered a list of potential umpires and Mr. Roberts agreed to William Marske as an umpire for the Society Claim.

19. During the inspection of the Subject Property by the appraisal panel, Society's appraiser, Paul Strombeck, informed Yogeshwar's appraiser, Brad Roberts, the appraisers could not include any interior damage in their estimate because it was not mentioned by the original Society adjuster and the appraisers could not readjust the Society Claim.

20. Based upon Mr. Strombeck's representation regarding the interior damage, Mr. Roberts did not include any interior damage in his appraisal estimate, with the understanding that Society would subsequently address any interior damage to the Subject Property.

21. The parties' appraisers and the appointed umpire determined the Subject Property did sustain storm damage from the August 10, 2020 derecho to the second story front roof slopes, and entered an appraisal award to such effect.

22. The Subject Property consists of one (1) primary hotel building with one (1) single roof.

23. Thereafter, Yogeshwar provided Society with an iTEL Roof Repair Analysis Report, showing that because the Subject Property's roof is one single roof, Yogeshwar cannot simply replace only the front slopes of the Subject Property.  Instead, to properly repair the Subject Property's roof, the entire roof needs to be replaced.

24. Additionally, Yogeshwar demanded Society make a coverage determination or "adjust" the interior water damage to the Subject Property caused by the August 10, 2020 Derecho.

25. Society has refused and continues to refuse to provide sufficient coverage so that the roof of the Subject Property can be properly repaired.

26.     Additionally, Society has refused to provide coverage for the interior water damage to the Subject Property caused by the August 10, 2020 derecho.

27.     Through a July 29, 2022 letter, Society asserted "both appraisers and umpire agreed that the interior damage to the insured property was the result of prior damage to the insured roof and not attributable to the alleged loss."

28.     Yogeshwar's appraiser, Brad Roberts, asserts the foregoing assertion by Society is false.

29.     The following justiciable controversies exist:

(a)     Whether the appraisal award can make coverage determinations;

(b)     Whether the appraisal award should be set aside because of fraud, mistake or misfeasance on the part of Society, Paul Strombeck (Society's appraiser) and/or William Marske (the umpire) regarding consideration of the interior water damage to the Subject Property; and

(c)     Whether the Society Policy requires Society provide coverage to properly repair the Subject Property's roof.

WHEREFORE, the Petitioner, YOGESHWAR INC., d/b/a American Inn, an Iowa corporation, respectfully requests this Court (a) declare the appraisal process cannot resolve coverage disputes, as such coverage disputes are within the province of this Court and the proceedings hereunder; (b) set aside the appraisal award because of fraud, mistake or misfeasance on the part of Society, Paul Strombeck (Society's appraiser) and/or William Marske (the umpire); and (c) declare the Society Policy requires Society provide coverage for the entire roof to properly repair the Subject Property's roof.

## COUNT II
## BREACH OF THE SOCIETY POLICY

1-29.   As paragraphs 1-29 of this Count II, Yogeshwar repeats and realleges paragraphs 1-29 of Count I of this Petition, as though fully set forth herein.

30.   Society's refusal to indemnify Yogeshwar for the losses sustained to the Subject Property by the August 10, 2020 weather event constitutes a breach of the Society Policy.

31.   As a direct cause of said breach, Yogeshwar has been damaged in an amount up to the Society Policy limits.

32.   As a direct cause of said breach, Yogeshwar has suffered consequential damages, including, but not limited to, appraiser fees, umpire fees, expert witness fees, attorney fees, court costs.

WHEREFORE, the Petitioner, YOGESHWAR INC., d/b/a American Inn, an Iowa corporation, respectfully prays for a judgment in its favor and against the Defendant, SOCIETY INSURANCE, in an amount in excess of $6,500, to be determined at trial, with interest from the date of filing and its costs incurred by bringing this action.

## COUNT III
## BAD FAITH DENIAL OF COVERAGE - SOCIETY

1-29.   As paragraphs 1-29 of this Count III, Yogeshwar repeats and realleges paragraphs 1-29 of Count I of this Petition, as though fully set forth herein.

30.   The intent of the Society Policy issued by Society, was to provide the peace of mind to Yogeshwar that, should the Subject Property be damaged or destroyed by any of the insured events described in the Society Policy, including windstorm or hail, Yogeshwar would be made whole by Society.

31.     Throughout the Claim process, Society and its agents and representatives have employed one or more unfair claim settlement practices.

32.     During the Claim process, Society or its representatives made one or more false statements of material fact, with the intent to deceive Yogeshwar or its representatives, which Yogeshwar or its representatives reasonably relied to Yogeshwar's detriment.

33.     Further, Society has—without reasonable justification—failed to provide Yogeshwar the benefits of the Society Policy, as outlined herein.

34.     Society's unfair claim settlement practices, fraudulent statements and unreasonable denial of coverage constitutes bad faith, which was done in willful and wanton disregard of Yogeshwar's rights, and entitles Yogeshwar to an award of punitive damages.

35.     Yogeshwar has been damaged by Society's foregoing bad faith conduct in an amount to be determined at trial.

WHEREFORE, the Petitioner, YOGESHWAR INC., d/b/a American Inn, an Iowa corporation, respectfully prays for a judgment in its favor and against the Defendant, SOCIETY INSURANCE, in an amount in excess of $6,500, in an amount determined at trial, plus punitive damages, interest from the date of filing, costs, attorney fees and any further relief this Court deems appropriate.

COUNT IV
BREACH OF THE WEST BEND POLICY

1-6.     As paragraphs 1-6 of this Count I, Yogeshwar repeats and realleges paragraphs 1-6 of this Petition, as though fully set forth herein.

7.     West Bend issued a written policy of insurance to Yogeshwar for the Subject Property, effective July 25, 2021 through July 25, 2022, which policy was assigned Policy No. A944896 00 ("WB Policy").

8. By its express terms and conditions, the WB Policy provides coverage for direct physical losses to the Subject Property caused by, among other things, windstorm and hail.

9. By securing such WB Policy from West Bend, it was the intent of Yogeshwar to purchase the peace of mind that, should the Subject Property be damaged or destroyed by any of the insured events described in the WB Policy, including windstorm or hail, Yogeshwar would be made whole by the insurer, West Bend.

10. On December 15, 2021, as reported and confirmed by the National Weather Service Storm Prediction Center, a severe storm with extreme winds impacted, among other areas, Poesta, Iowa.

11. The Subject Property was directly damaged by the December 15, 2021 weather event, which caused further damage to the Subject Property.

12. Upon discovery of the storm damage, Yogeshwar provided prompt notice to West Bend of its loss, which West Bend assigned Claim No. AN99056 ("WB Claim").

13. Eleven (11) months after the December 15, 2021 storm damage, West Bend issued letters to Yogeshwar denying the WB Claim in whole asserting the Society appraisal panel inspected the Subject Property on December 16, 2021 and "[a]ny damage that would have occurred on the reported date of loss for this claim was addressed and covered under the claim with society Insurance."

14. Yogeshwar's attorney responded to West Bend's denial letter the same date stating in relevant part: "as you are fully aware Society has refused to cover the losses sustained to the Subject Property as a result of the December 15, 2021 weather event, and the purported appraisal award did not include such damage. Therefore, the factual basis of West Bend's denial is also wrong and made in bad faith."

15. In response, West Bend issued a letter to Yogeshwar the following day asserting "It is our position the damage being claimed occurred outside of the coverage policy period."

16. To date, West Bend has refused to indemnify Yogeshwar for the losses sustained to the Subject Property by the December 15, 2021 weather event.

17. West Bend's refusal to indemnify Yogeshwar for the losses sustained to the Subject Property by the December 15, 2021 weather event constitutes a breach of the WB Policy.

18. As a direct cause of said breach, Yogeshwar has been damaged in an amount up to the WB Policy limits.

19. As a direct cause of said breach, Yogeshwar has suffered consequential damages, including, but not limited to, appraiser fees, umpire fees, expert witness fees, attorney fees, court costs.

WHEREFORE, the Petitioner, YOGESHWAR INC., d/b/a American Inn, an Iowa corporation, respectfully prays for a judgment in its favor and against the Defendant, WEST BEND MUTUAL INSURANCE COMPANY, in an amount in excess of $6,500, to be determined at trial, with interest from the date of filing and its costs incurred by bringing this action.

## COUNT V
### BAD FAITH DENIAL OF COVERAGE – WEST BEND

1-19. As paragraphs 1-19 of this Count V, Yogeshwar repeats and realleges paragraphs 1-19 of Count IV of this Petition, as though fully set forth herein.

20. The intent of the WB Policy issued by West Bend, was to provide the peace of mind to Yogeshwar that, should the Subject Property be damaged or destroyed by any of the insured events described in the WB Policy, including windstorm, Yogeshwar would be made whole by West Bend.

21. Throughout the Claim process, West Bend and its agents and representatives have employed one or more unfair claim settlement practices.

22. Further, West Bend has—without reasonable justification—failed to provide Yogeshwar the benefits of the WB Policy, as outlined herein.

23. West Bend's unfair claim settlement practices and unreasonable denial of coverage constitutes bad faith, which was done in willful and wanton disregard of Yogeshwar's rights, and entitles Yogeshwar to an award of punitive damages.

24. Yogeshwar has been damaged by West Bend's foregoing bad faith conduct in an amount to be determined at trial.

WHEREFORE, the Petitioner, YOGESHWAR INC., d/b/a American Inn, an Iowa corporation, respectfully prays for a judgment in its favor and against the Defendant, WEST BEND MUTUAL INSURANCE COMPANY, in an amount in excess of $6,500, in an amount determined at trial, plus punitive damages, interest from the date of filing, costs, attorney fees and any further relief this Court deems appropriate.

## JURY DEMAND

NOW COMES the Petitioner, YOGESHWAR INC., d/b/a American Inn, an Iowa corporation, by and through its attorneys, CALIFF & HARPER, P.C., pursuant to Iowa R. Civ. P. 1.902, and hereby demands a trial by jury of all claims subject to trial before a jury.

        YOGESHWAR INC., d/b/a American Inn, an Iowa corporation, Petitioner

By:   /s/ Keisha N. Douglas
       Keisha N. Douglas
For:   CALIFF & HARPER, P.C.

Keisha N. Douglas
ICIS No. AT0013256
CALIFF & HARPER, P.C.
1515 5th Avenue, Suite 700
Moline, Illinois 61265
Telephone: (309) 764-8300
Email: kdouglas@califf.com

knd.doc.1623-4